**Arsen TOPUZYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75156.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.[*]

Filed Nov. 15, 2006.

---

Garbis N. Etmekjian, Esq., Garbis Etmekjian Law Offices, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

### MEMORANDUM **

Arsen Topuzyan, a native of Russia and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C § 1252. We review for substantial evidence, *see Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir.2005), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on critical omissions from Topuzyan's asylum application, *see Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003), and a material inconsistency within his testimony, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Topuzyan failed to include in his asylum application that he was beaten unconscious while in police custody in 1995 and that his family continued to experience problems after his departure. Topuzyan's testimony was also internally inconsistent regarding his alleged attempt to file a complaint with the Armenian police. Because these omissions and inconsistency go to the heart of his asylum claim, substantial evidence supports the IJ's adverse credibility finding. *See id.* In the absence of credible testimony, Topuzyan failed to establish eligibility for asylum or withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d at 1254–55.

Topuzyan failed to raise the denial of CAT relief and thus, he has waived any challenge to this determination. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.